IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| DASHON HINES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 23-cv-2180-SHM-tmp |
| | ) |
| ISABELLA GOZA, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Dashon Hines's complaint against Isabella Goza. (ECF No. 1).[1] Because Hines is proceeding *in forma pauperis*, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the below reasons, the undersigned recommends that Hines's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

    I.   PROPOSED FINDINGS OF FACT

On March 30, 2023, Goza filed a *pro se* complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Using a form provided by the Clerk's Office to assist *pro se* litigants asserting employment

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the undersigned for management of all pretrial matters for determination or report and recommendation, as appropriate.

discrimination claims, Hines checked boxes alleging discrimination based on race, color, gender, and national origin and identified the discriminatory conduct as failure to hire, retaliation, and "specific retaliation by Isabella Goza." (Id. at PageID 3-4.) In the section of his complaint devoted to the facts of the case, Hines wrote the following:

> On March 27, 2023, Mrs. Goza issued a position statement which contained the following statement: "As explained below, Hines' application was not accepted because she failed to submit a resume as required for the application process."[2] See position statement – page one; paragraph three. (Attached to this document as evidence.[)] The plaintiff asserts that exhaustion of remedies would be "futility." See Watergate Apts. V. Buffalo Sewer Auth., 46 Ny 2d 52, 57.

Hines attached to his complaint a letter dated March 24, 2023, to the NYS Division of Human Rights from Goza regarding a complaint filed by Hines. (ECF No. 1-1.) In the letter, Goza, an attorney at Russell, Oliver & Stephens, PLC, stated that her firm represented Tesla regarding the underlying complaint. (Id. at PageID 8.) She explained that Hines applied for a production associate position at Tesla on September 14, 2022. (Id. at PageID 9.) Tesla subsequently denied Hines's application on October 1, 2022, because Hines had failed to submit a resume. (Id.) Goza argued that Tesla's decision was made for legitimate, non-discriminatory reasons, and thus the NYS Division of Human Rights should dismiss

---

[2] Goza misgenders Hines throughout the position statement.

the Charge and issue a "no cause" determination. (Id. at PageID 9-10.)

In his prayer for relief, Hines seeks the following the relief: the court direct defendant to employ plaintiff, $1,000,000 in equitable relief, $1,000,000 in backpay, and $1,000,000 in compensatory damages. (ECF No. 1 at PageID 6.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal

conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Failure to State a Title VII Claim**

Hines's complaint is styled as an action brought under Title VII. Title VII makes it "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); Flynn v. Memphis Pathology Lab., No. 19-2882-SHL-tmp, 2020 WL 6440710, at *2 (W.D. Tenn. Feb. 5, 2020). Hines has failed to sue an employer as required under Title VII. Goza is an attorney who represented Tesla, the organization that allegedly did not hire Hines. Hines has not alleged that Goza was his employer, and his complaint is

devoid of factual allegations that would be actionable under Title VII. Id. Accordingly, Hines has failed to state a plausible claim under Title VII.

### III.   RECOMMENDATION

Based on the above, it is recommended that the complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

<pre>
                         s/ Tu M. Pham
                         TU M. PHAM
                         Chief United States Magistrate Judge

                         April 5, 2023
                         Date
</pre>

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**